Apr. 22. 2008  1:56PM
04/21/2008  04:55  8479988336          KARIOTIS                    PAGE  03          No. 007   P. 3

COPY

Neal R. Stelting
Summer D. Bishop
STELTING & BISHOP
P.O. Box 2333
44 S. Franklin
Pinedale, Wyoming 82941
(307) 367-4486
(307) 367-4487 Fax

## IN THE NINTH JUDICIAL DISTRICT COURT
## IN AND FOR TETON COUNTY, WYOMING

|  |  |  |
|---|---|---|
| MICHAEL J. BILLS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 14590 |
| | ) | |
| MICHAEL KARIOTIS, and | ) | |
| EDWARD REARDON | ) | COMPLAINT AND |
| | ) | JURY DEMAND |
| Defendants. | ) | |

### COMPLAINT

COMES NOW the Plaintiff Michael J. Bills, by and through his attorneys, Stelting & Bishop, Attorneys at Law, brings his Complaint against the Defendants as follows:

### I.    PARTIES

1.    At all times relevant to the facts alleged in this Complaint, Plaintiff Michael Bills was a citizen of the State of Wyoming.

2.    At all times relevant to the facts alleged in this Complaint, Michael Bills was engaged as a bartender at the Koshu Wine Bar, in Jackson, Wyoming.

3.    Defendant Michael Kariotis is a resident of Glenview, State of Illinois.

4.    Defendant Edward Reardon is a resident of the Glenview, State of Illinois.

5.    All the acts and omissions of Kariotis and Reardon alleged in this Complaint were acts and omissions which occurred while both Defendants were patrons at the Koshu Wine Bar, in Jackson, Teton County Wyoming, and the amount of damages exceeds the jurisdictional requirements of this court.

Apr. 22. 2008  1:56PM                                                                              No. 1007   P. 4

PAGE 2/2 ' RCVD AT 4/21/2008 4:47:54 PM [Central Daylight Time] ' SVR:IWDFDEC8/28 ' DNIS:5417490 ' CSID:3473998336 ' DURATION (mm-ss):01-92

## II.   JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction over this action pursuant to Article 5, Section 10 of the Constitution of the State of Wyoming.

7.    The proper venue for this cause of action is the Ninth Judicial District Court in and for Teton County, Wyoming, since the cause of action arose in this judicial district, and the majority of witnesses reside in Teton County.

## III.   FACTS COMMON TO ALL CAUSES OF ACTION

8.    On or about October 1st, 2006, Plaintiff Bills was bartending at the Koshu Wine Bar, in Jackson, Wyoming, when Defendants Kariotis and Reardon entered the bar and immediately began drinking.

9.    Plaintiff Bills states that both men, Kariotis and Reardon were obnoxious and harassing other patrons, who eventually left Koshu as a result.

10.    Bills is known in the town of Jackson to run a "tight ship" at the Koshu Wine Bar, and was discouraging the highly intoxicated Defendants from any further alcohol consumption, as was witnessed by various patrons the night of October 1st, 2006.

11.    While at the Koshu Wine Bar, after all other patrons had left; both Defendants stayed and continued to demand more to drink.

12.    Defendants began insulting Bills with various verbal personal attacks that were demeaning and abusive.

13.    Bills, now the only one left in the bar, except for Defendants, removed the Defendants' alcohol, and asked the Defendants to leave the Koshu Wine Bar.

14.    Defendant Reardon, at this time, did not want to leave, and proceeded to come around to the other side of the bar, attempting to physically intimidate Bills, who had no way to escape.

15.    Defendant Reardon then physically assaulted Bills behind the bar.

16.    In defense of himself, Bills pushed Defendant Reardon away.

17.    At this time Defendant Kariotis came around the bar as well, and proceeded to grab and punch Bills, as Defendant Reardon rose he also began to punch and kick Bills.

18.    Defendant's proceeded to grab items from the bar and smash them into Plaintiff's head, including several large bottles containing alcohol.

Apr. 22. 2008   1:56PM                                                                    No. 1007   P. 5

PAGE 2/2 : RCVD AT 4/21/2008 4:56:55 PM [Central Daylight Time] : SVR:ACODGS/DGS226 : DNIS:2745490 : CSID:2478888236 : DURATION (mm-ss):04-54

19.   After several blows, Bills fell into the fetal position trying to protect himself, but the assault continued, and Bills realized he needed to get away before he was severely injured.

20.   Bills managed to push through the two men to the end of the bar, near the Koshu patio area.

21.   Defendants followed Bills and proceeded to again, kick, punch, and break more glassware on Bills.

22.   Though the Bills sustained several vicious blows to his head he recalls running out the back door of Koshu to escape.

23.   The Defendants then fled Koshu Wine Bar, to be apprehended shortly thereafter by deputy's of the Teton County Sheriffs Office.

24.   The Defendants were charged with Aggravated Assault and Battery with a Deadly Weapon, a felony, and Destruction of Property.

25.   The Defendants subsequently entered pleas of no contest to misdemeanor assault and battery and were sentenced in Teton County District Court.

26.   Because of the Defendants' intoxicated, negligent, intentional, reckless, willful and wonton behavior, Bills was unable to avoid a conflict at the Koshu Wine Bar with the Defendants and subsequently received unwanted pain and suffering as a result.

27.   As a result of the Defendants intentional and reckless conduct, Bills suffered physical and emotional suffering.

28.   The Plaintiff was trying to protect himself at all times.

29.   The Plaintiff was trying to ask the Defendants to leave the Koshu Wine Bar as they were intoxicated and Plaintiff did not want to serve them any more alcohol for their own safety.

30.   As a direct and proximate result of the acts and omissions of the Defendants as alleged herein, Plaintiff Michael Bills was injured and suffered the damages as more particularly set forth below in the section of this Complaint entitled "Damages."

## IV.   FIRST CAUSE OF ACTION

### GROSS NEGLIGENCE AGAINST EDWARD REARDON

31.   Plaintiff's re-allege each and every allegation set forth in Paragraphs 1 through 29, inclusive, as if the same were specifically set forth in this Paragraph 31.

Apr. 22. 2008  1:56PM                                                No. 1007   P. 6

PAGE 1/2 * RCVD AT 4/21/2008 4:16:55 PM [Central Daylight Time] * SVR:ECDQCQ0E/26 * DNIS:5740 * CSID:3473683325 * DURATION (mm-ss):00-54

32.   Defendant Reardon was under a legal duty not to inflict physical harm to the Plaintiff.

33.   When asked to leave the Koshu Wine Bar the Defendant Reardon proceeded to cause serious physical and emotional harm to Plaintiff through their vicious and threatening remarks and intentionally beating the Plaintiff with a dangerous object.

34.   Defendant Reardon violated standards of ordinary care owed to the Plaintiff by punching and kicking the Plaintiff and intentionally beating the Plaintiff with a dangerous object, including a heavy glass bottles containing alcohol that were directly smashed into Plaintiffs head, along with several other glass items, causing physical pain and severe head injuries, along with other physical damages to Plaintiff, from these acts.

35.   As a direct and proximate result of acts alleged by the Plaintiff, the Defendants are responsible for all damages to Plaintiff as more specifically set forth in the section below entitled "Damages," which section, and the averments set for therein are incorporated herein by reference.

## V.  SECOND CAUSE OF ACTION

### GROSS NEGLIGENCE AGAINST MICHAEL KARIOTIS

36.   Plaintiff's re-allege each and every allegation set forth in Paragraphs 1 through 35, inclusive, as if the same were specifically set forth in this Paragraph 36.

37.   Defendant Kariotis was under a legal duty not to inflict physical harm to the Plaintiff.

38.   When asked to leave the Koshu Wine Bar the Defendant Kariotis proceeded to cause serious physical and emotional harm to Plaintiff through their vicious and threatening remarks and intentionally beating the Plaintiff with a dangerous object.

39.   Defendant Kariotis violated standards of ordinary care owed to the Plaintiff by punching and kicking the Plaintiff and intentionally beating the Plaintiff with a dangerous object, including a heavy glass bottles containing alcohol that were directly smashed into Plaintiffs head, along with several other glass items, causing physical pain and severe head injuries, along with other physical damages to Plaintiff, from these acts.

40.   As a direct and proximate result of acts alleged by the Plaintiff, the Defendants are responsible for all damages to Plaintiff as more specifically set forth in the section

below entitled "Damages," which section, and the averments set for therein are incorporated herein by reference.

## VI. THIRD CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41.    Plaintiff's re-allege each and every allegation set forth in Paragraphs 1 through 40, inclusive, as if the same were specifically set forth in this Paragraph 41.

42.    At the time and place of the events described herein, the Defendants owed a duty of reasonable care to the Plaintiff to avoid causing injury to Plaintiff Michael Bills.

43.    The intentional acts and omissions of the Defendants as alleged above inflicted physical injury and great emotional harm and distress to Plaintiff Michael Bills.

44.    As a direct and proximate result of Defendants' conduct, Plaintiff Michael Bills has suffered physical injury accompanied by intense emotional distress; he has been severely injured; has suffered the pain inflicted by the fears, anxieties, angers, frustrations, and misery accompanying his injuries.

45.    As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff Michael Bills suffered a severe head injury including a laceration to his head, which went down to his skull, and the resulting disability and fear, pain and misery resulting therefrom.

46.    The Defendants intentionally engaged in conduct that Defendants knew would directly result in harming the Plaintiff and which did in fact result in the emotional distress placed on and continuing to the Plaintiff.

47.    The Defendants' actions were of such nature as to be considered outrageous, unruly, disrespectful, dangerous, and intolerable.

48.    As a direct result and consequence of the Defendants' behavior and intentional acts herein, Plaintiff Michael Bills has suffered, and is continuing to suffer emotional distress for which he is rightly entitled to recover damages from the Defendants.

49.    As a direct result and proximate result and consequence of the behavior and intentional acts and omissions of the Defendants, the Plaintiff has suffered, and will continue to suffer damages for emotional distress for which the Defendants are responsible, these injuries and damages are more particularly set forth below in the section of this complaint "Damages."

PAGE 2/7 * RCVD AT 4/22/2008 4:45:52 PM [Central Daylight Time] * SVR:JFAXDOC03/35 * DNIS:5/2480 * CSID:8472668336 * DURATION (mm-ss):01-16

No. 1007   P. 8

## VII.   FOURTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

50.     Plaintiff's re-allege each and every allegation set forth in Paragraphs 1 through 49, inclusive, as if the same were specifically set forth in this Paragraph 50.

51.     The negligent acts and omissions of the Defendants as alleged inflicted emotional harm and distress on Plaintiff Michael Bills.

52.     As a direct and proximate result of Defendants conduct, Plaintiff Michael Bills has suffered emotional distress and he has suffered pain inflicted by fears, anxieties, angers, frustrations and misery accompanying his injuries, these injuries and damages are more particularly set forth below in the section of this complaint "Damages."

## VIII.   FIFTH CAUSE OF ACTION

### PUNITIVE DAMAGES, WILLFUL AND WANTON MISCONDUCT

53.     Plaintiff's re-allege each and every allegation set forth in Paragraphs 1 through 52, inclusive, as if the same were specifically set forth in this Paragraph 53.

54.     The negligence, carelessness and obvious lack of concern for Plaintiff by the Defendants' actions was so gross and culpable in nature that such acts and/or omissions constitute recklessness and wantonness in complete disregard for the life and safety of Plaintiff. As a result of the negligence, reckless, willful and wanton conduct of the Defendants, Plaintiff is entitled to recover exemplary, and punitive damages. Punitive and exemplary damages are warranted in this action as a punishment to the Defendants for their reckless and wanton acts and as a deterrent to the Defendants and others in the community for committing the same or similar actions in the future, and endangering the general safety of the public.

55.     Defendants deliberately proceeded to act in disregard of or indifference to the risk to the public and proceeded to show unreasonable and dangerous behavior while at the Koshu Wine Bar.

56.     As a direct and proximate cause and result of the negligence, reckless, willful and wanton conduct of the Defendants, Plaintiff is entitled to recover actual, exemplary and punitive damages as set forth below in the section of the Complaint entitled "Damages."

Apr. 22. 2008  1:57PM                                                    No. 1007   P. 9
04/21/2008   04:55   9479988335              KARIOTIS              PAGE  05

## IX.   DAMAGES

57.     Plaintiff's re-allege each and every allegation set forth in Paragraphs 1 through 56, inclusive, as if the same were specifically set forth in this Paragraph 57.

58.     As a direct and proximate cause and result of Defendants' acts and omissions, the carelessness, negligence, intentional, reckless and wanton acts of Defendants Reardon and Kariotis, Michael Bills sustained the following damages:

    a.     Personal and physical pain and suffering;

    b.     Mental trauma and emotional distress;

    c.     Past and future pain and suffering;

    d.     Past and future medical expenses;

    e.     Past and future lost wages, if any;

    f.     Punitive damages;

    g.     Costs of this action, and any other relief deemed just.

WHEREFORE, Plaintiff respectfully prays this Court enter its judgment against the Defendants in an amount as supported by the allegations of this complaint as follows:

    1.     Judgment against Defendants for general damages in an amount consistent with the allegations contained herein.

    2.     Judgment against the Defendants for special damages an amount consistent with the allegations contained herein.

    3.     Judgment against Defendants for punitive damages in a fair and reasonable amount.

DATED this __19th__ day of March, 2008.

BY: _____
Sumner D. Bishop
STELTING & BISHOP
P.O. Box 2333
44 S. Franklin
Pinedale, Wyoming 82941
(307) 367-4486
(307) 367-4487 Fax

Apr. 22. 2008  1:57PM                                    NO. 1007   P. 10
04/21/2008  04:55    8479988335            KARIOTIS        PAGE  8b

## JURY DEMAND

Plaintiff demands a trial by a jury of six (6) on all issues that a jury may properly

consider.

DATED: This 19th day of March, 2008.

Summer D. Bishop
STELTING & BISHOP
P.O. Box 2333
44 S. Franklin
Pinedale, Wyoming 82941
(307) 367-4486
(307) 367-4487 Fax

Apr. 22. 2008  1:57PM                                              No. 1007   P. 11
04/21/2008  04:55    8479988336           KARIOTIS              PAGE  87

## Verification

I, Michael J. Bills, state that the averments set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. The language of said averments is that of counsel and not myself. I have read the Complaint to the extent that it is based upon information I have given to counsel, and it is true and correct to the best of my knowledge, information and belief. To the extent that the language of the Complaint is counsel, I have relied upon counsel in making this verification.

This statement is made subject to the penalties of relating to unsworn falsification to authorities.

Michael J. Bills

Complaint
Page 9 of 9